# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MELVIN STRICKLAND,

          Plaintiff,

     -vs-                                      Case No. 13-CV-1127

LT. VAN LANEN, LT. WIETOKASKI,
LT. VANDERUELL, CAPTAIN LESATZ,
CO MEJIA, CO ELLERS,
CO SCHULTZ, SGT. STEVENS,
and JOHN AND JANE DOES,

          Defendants.

# SCREENING ORDER

The plaintiff, a Wisconsin state prisoner, filed a pro se complaint under 42 U.S.C. § 1983. This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis*. The plaintiff has been assessed and paid an initial partial filing fee of $3.23.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in

fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to

2

relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The plaintiff is incarcerated at Green Bay Correctional Institution. He alleges that on July 17, 2013, he was subjected to a strip search in an outdoor recreation holding cell. There was no privacy and anyone who walked by could see in the cell. During the search, defendants Ellers and Mejia made the plaintiff bend over "and pull his rectum apart outside as other staff and inmates walked by going to be stripped searched themselves." (Compl. at

3

5 ¶ 16.) Several comments were made while the plaintiff was in this position. As a practicing Muslim, it is impermissible for the plaintiff to expose his body. He informed officers that the search violated his religion and requested to be strip searched in a private area, but they responded that he would not receive special treatment. They told the plaintiff to stop whining and "man up," and that other inmates had seen him showering.

The plaintiff claims that the defendants violated his rights under the Religious Land Use and Institutionalized Persons Act as well as the First, Fourth, and Fourteenth Amendments to the United States Constitution. For relief, he seeks compensatory and punitive damages.

At this early stage, the plaintiff may proceed on a Fourth Amendment privacy claim, *see Canedy v. Boardman*, 16 F.3d 183, 185-86 (7th Cir. 1994), and a First Amendment free exercise claim, *see Canedy v. Boardman*, 91 F.3d 30, 33-34 (7th Cir. 1994), based on the strip search.

The plaintiff may not proceed on a claim under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1(a), because he may not recover monetary damages under the statute and that is the only relief he seeks in this action. *See Vinning-El v. Evans*, 657 F.3d 591, 592 (7th Cir. 2011). In addition, he may not proceed against defendants Wietokaski, Vanderuell, and Lesatz because he does not allege that they were personally involved in the complaint allegations. *See Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009); *Ashcroft v. Iqbal*, 556 U.S.662, 676 (2009) (no supervisory liability under
4

§ 1983). Finally, the plaintiff should use discovery to identify the Doe defendants.

Motion to Appoint Counsel

The plaintiff has filed a motion to appoint counsel. However, this filing is unsigned. The Court will therefore deny the motion without prejudice. The plaintiff may submit a signed motion for the Court's consideration.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed in forma pauperis (Docket # 2) be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (Docket # 3) be and hereby is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that defendants Wietokaski, Vanderuell, and Lesatz are **DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendants.

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendants shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department

of Corrections or his designee shall collect from the plaintiff's prison trust account the $346.77 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect at Green Bay Correctional Institution and Waupun Correctional Institution and, therefore, if the plaintiff is no longer incarcerated at either institution, he will be required to submit all correspondence and legal material to:

> Honorable Rudolph T. Randa
> % Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

6

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 3rd day of January, 2014.

                         **SO ORDERED,**

                         *[signature]*

                         **HON. RUDOLPH T. RANDA**
                         **U. S. District Judge**

7

Case 2:13-cv-01127-RTR   Filed 01/03/14   Page 7 of 7   Document 8